In the Matter of the Accounting of ARLINGTON C. HALL et al., as Trustees under the Will of WILLIAM H. HALL, Deceased, Petitioners.

RAYMOND B. STRINGHAM, Respondent.

Surrogate's Court, New York County, September 5, 1944.

*Monroe Goldwater* for respondent appearing specially.

*William B. Butler, H. A. Heydt* and *C. E. Heydt* for Arlington C. Hall, petitioner.

*Thomas J. Whelan* and *Pliny W. Williamson* for Charles E. Hall, petitioner.

DELEHANTY, S. The trustees of deceased are here accounting for their handling of the trust properties committed to their care. In one accounting schedule they set up payments made for legal services rendered to them. In another schedule they set forth an unpaid claim for like services rendered to them as trustees. Among the items set forth as paid is one of payment to the same attorney whose further claim is listed as unpaid and controverted. The terms of the will permit an invasion of principal to make up any deficits in income payable to an income beneficiary. That fact makes it clear that all charges to principal are matters of concern to the income beneficiaries as well as to those who have remainder interests in the trust funds accounted for.

The proceeding being one for an accounting is a proceeding in rem. The fixation of the amount and the burden of administration expenses is an integral part of every accounting pro-

ceeding. The court has before it a body of property in respect of which it is necessary to determine how it should be constituted and what items are properly chargeable to principal and to income respectively.

The attorney whose claim is listed as a contested one is licensed to practice in this State but resides in Connecticut. The trustees by their petition seek the fixation of the value of his services in this proceeding. Determination of that claim is necessary to the conclusion of the accounting proceeding now pending. Concededly the services were rendered. Only the amount, if any, due therefor is in dispute. Concededly the services were rendered in this State and in relation to claims of the trust estate in this State.

Service of citation is claimed to have been made upon the attorney-claimant by publication. He appeared specially and puts in issue the alleged service of the citation upon him. He also denies the jurisdiction of the court over him. By agreement the last stated objection is to be disposed of first.

The moving party relies upon *Matter of Matheson* (265 N. Y. 81). Undeniably the language in which the opinion of the court in the cited case is couched lends color to the position taken by the moving party. However, trial courts have been admonished by our highest court that they must look with care at the factual background against which the decision of the court is made and that they are to regard *as the expression of the court* only so much of the comment in an opinion as is necessary to the decision reached on the facts presented by the record before the court. Having these limitations in mind it is necessary to compare the factual background in the *Matheson* case with the situation now present.

In the *Matheson* case (*supra*), an attorney resident in the District of Columbia and not admitted to practice in this State had done tax work for the estate. The case holds that though the services were rendered in a foreign jurisdiction by an attorney not admitted here the subject matter is one in respect of which this court has full power. The decision held only that on the record jurisdiction of the attorney's person had not been obtained. The proceeding in the cited case had only two parties — the executor-petitioner and the attorney. The executor's sole objective was to compel the attorney to attend in this State for the fixation of his fees. No fund was before the court for administration. No interests of any other parties required adjudication. Here on the other hand the court is engaged in the familiar process of settling an accounting for a fund under

administration in the court. The subject matter is the fund and all questions of personal right therein are ancillary to the central duty and obligation of the court to determine the constitution of the fund and the amount and validity of claims against it. It needs no discussion to demonstrate how complete would be the paralysis in the administration of estates if nonresidents could successfully attack the jurisdiction of this court in accounting proceedings merely by reason of service of process upon them outside this State. Chaos would result from such a concept if its validity were admitted. But the concept is not valid and claimants, no matter where resident, are bound to come to this forum to establish their claims if given notice that rights in the fund under administration will be adjudicated.

The only question presented here by the motion to dismiss the proceeding as to the attorney-claimant is whether this court is engaged in a proceeding in personam or one in rem. There is only one answer to that question in this court's view. The proceeding is plainly one in rem. It is one in which the court has the right and power to determine what claim, if any, the attorney-claimant has against the assets of the trust estate. In making that determination this court does not deprive the attorney of any *personal* rights. If he desires to default in the proceeding and seek no payment out of the trust assets he may of course do so. He has been notified that the fund is here and that the question whether any part of it is due him for legal services rendered in respect of it will be passed upon by the court. The parties and the fiduciaries are entitled to have determined now and here the question whether the fund under administration is to stand at one figure because the moving party has asserted no claim to the fund or is to stand at a lesser figure because there is due from the fund some portion of it for services rendered by the moving party. The decision of such a controversy is part of the process of determining the constitution of the *res* which the court is administering and in respect of which the court has complete power to determine the rights of residents and nonresidents.

For the reasons stated the court holds that *Matter of Matheson* (265 N. Y. 81, *supra*) is not controlling and overrules the objection to jurisdiction which has been interposed. The motion for dismissal on that ground is denied.

Since the moving party claims also that he was never served with process as alleged by the accounting parties the court will take proof on that issue on the 8th day of September, 1944, at 2:00 P.M.